UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
JOHN WILSON,

                      Plaintiff,                        **MEMORANDUM & ORDER**
                                                                                 19-CV-2827 (MKB)
            v.

COMMISSIONER CYNTHIA BRANN,
WARDEN MATTHEWS, C.O. HAMER #18467,
and CAPTAIN PHILLIPS #1776,

                      Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff John Wilson, proceeding *pro se*[1] and currently incarcerated at the Brooklyn Detention Complex ("BKDC"), commenced the above-captioned action on May 3, 2019 against Defendants Commissioner Cynthia Brann, Warden Matthews, Corrections Officer Hamer #18467, and Captain Phillips #1776, pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.)[2] Plaintiff alleges that he was sexually assaulted in his cell during a strip search. (*Id.* at 5, 13.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for purposes of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint against Brann and Matthews; the Complaint shall proceed against Hamer and Phillips.

---

    [1] On July 1, 2019, Plaintiff filed a letter advising the Court that he is now represented by counsel. (Pl. Letter to Clerk, Docket Entry No. 8.)

    [2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

## I. Background

Plaintiff is a pretrial detainee at BKDC. (Compl. 4.) Plaintiff attaches a Report and Notice of Infraction to the Complaint, which states that on March 31, 2019, Hamer "attempt[ed] to conduct a strip search of [Plaintiff]," and that when Plaintiff refused, Phillips "was notified." (*Id.* at 13.) Plaintiff states that during the search, Hamer "squeezed and massaged [Plaintiff's] scrotum while his partner looked out for him." (*Id.* at 5.)

Plaintiff has "bad dreams about what happened" and is nervous around correction officers, "thinking that it could happen again." (*Id.*) He seeks $2 million in damages. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim under section 1983 against Brann and Matthews

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). In addition, a plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation. *See, e.g., Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (collecting cases). Supervisory authority is "insufficient in itself" to demonstrate personal involvement. *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (citing *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003)); *Richardson*, 347 F.3d at 435 ("[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." (citations and internal quotation marks omitted)).

Plaintiff fails to state a section 1983 claim against Commissioner Brann and Warden Matthews. Though Plaintiff names Brann and Matthews in the Complaint, he does not make any factual allegations concerning them. Plaintiff appears to seek to hold these Defendants liable solely because of their supervisory positions, but an "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v.*

*Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Accordingly, the Court dismisses Plaintiff's claims against Commissioner Brann and Warden Matthews. *See Holland v. City of N.Y.*, No. 14-CV-5517, 2016 WL 3636249, at *13 (S.D.N.Y. 2016) ("[S]upervisors cannot be held liable based solely on the alleged misconduct of their subordinates." (quoting *Kee v. Hasty*, No. 01-CV-2123, 2004 WL 807071, at *12 (S.D.N.Y. Apr. 14, 2004))); *Sturgis v. DeMarco*, No. 13-CV-2125 2013 WL 2649842, at *3 (E.D.N.Y. June 07, 2013) ("A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law.").[3]

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint against Commissioner Brann and Warden Matthews and no summons shall issue as to these Defendants. The Complaint shall proceed against Hamer and Philips. The Clerk of Court shall issue a summons as to Hamer and Phillips and the United States Marshals Service shall serve the summons and Complaint and a copy of this Memorandum and Order on these Defendants without prepayment of fees. The Clerk of Court shall also serve a copy of this Memorandum and Order and a copy of the Complaint and *in forma pauperis* application on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

---

[3] Although Plaintiff does not specifically allege facts against Phillips, the Court declines to dismiss Plaintiff's claims against Phillips because he states that Hamer's "partner looked out for him," (Compl. 5), and the Report and Notice of Infraction annexed to Plaintiff's Complaint states that Phillips "was notified" when Plaintiff allegedly refused to participate in a strip search, (*id.* at 14).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: July 11, 2019
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge