RD 3/2/2020 VLM

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 28 2020 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN WILSON,

                       Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                            **19 CV 2827 (MKB)(LB)**

   -against-

C.O. FRANK HAMER, *#18467*, and
CAPTAIN JERMAINE PHILLIPS, *#1776*,

                       Defendants.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       This case has been referred to me for all pretrial purposes. *Pro se* plaintiff has failed to appear at two Court-ordered conferences in this matter and has not contacted the Court or defendants' counsel to request an adjournment or to explain his absences. When plaintiff failed to appear on December 10, 2019, I ordered him to show good cause for his nonappearance, scheduled another conference on February 20, 2020, and warned him that if he failed to timely appear on the new date, his case may be dismissed. Nonetheless, plaintiff failed to appear on the new date as ordered. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

       Plaintiff filed this action on May 3, 2019, while he was incarcerated at the Brooklyn Detention Complex ("BKDC"), ECF No. 1, and was granted permission to proceed *in forma pauperis*, ECF No. 9. The Honorable Margo K. Brodie dismissed the complaint against defendants Commissioner Brann and Warden Matthews but allowed the case to proceed against defendants Hamer and Phillips. ECF No. 9. Plaintiff alleges that defendants Hamer and Phillips sexually assaulted him in his cell during a strip search. ECF No. 1.

On August 5, 2019, plaintiff filed a letter reporting his release date and providing two mailing addresses and two telephone numbers where he could be reached upon his release. ECF No. 13.[1] After defendants Hamer and Phillips were deemed served on October 29, 2019, I ordered defendants to respond to the complaint by November 19, 2019. ECF No. 22. In turn, on November 12, 2019, the Office of the Corporation Counsel (the "Office") requested a stay in this case pending the resolution of an ongoing New York City Department of Correction (DOC) internal investigation, or in the alternative, an extension of sixty (60) days for defendants to respond to the complaint. ECF No. 23. I then scheduled a conference in this case on December 10, 2019, at 1:30 p.m., in Courtroom 11A South of the United States Courthouse. ECF No. 24. On November 15, 2019, the Office requested, with plaintiff's consent, that the Court *sua sponte* grant an extension of the deadline for defendants to respond to the complaint until after the Court ruled on the motion for a stay. ECF No. 25. I granted in part and denied in part the Office's request, ECF No. 25, staying the deadline for defendants to respond to the complaint until December 10, 2019, and also re-scheduled the initial conference from 1:30 p.m. to 3:00 p.m. on December 10, 2019, due to a change in the Court's calendar. ECF No. 26.[2]

The Court held the initial conference in this case on December 10, 2019. Attorney Giancarlo Martinez timely appeared in Court on behalf of interested party City of New York; however, plaintiff failed to appear and did not contact the Court or defendant's counsel to request an adjournment of the conference.[3] ECF Nos. 27-28. Nonetheless, the Court scheduled another

---

[1] Plaintiff also requested "new counsel" as he was having communication issues with his lawyer; however, the Court noted that, as plaintiff was proceeding *pro se* in this case, he perhaps was referring to a lawyer who represented him in some other lawsuit. ECF No. 17.
[2] The Court's Orders scheduling the conference for 1:30 p.m. on December 10, 2019, ECF No. 24, and subsequently re-scheduling the conference time to 3:00 p.m. on December 10, 2019, ECF No. 26, were mailed to plaintiff by the Clerk of Court. These Orders were not returned to the Court as undeliverable.
[3] The Court kept counsel from the Office over thirty minutes past the scheduled start time of the conference, hoping plaintiff would arrive.

conference on February 20, 2020, at 10:30 a.m., to give plaintiff another chance to timely appear. ECF No. 28. Plaintiff was ordered to timely appear at the February 20, 2020, conference and to be prepared to show good cause for why he did not appear at the December 20, 2019, conference. Id. Plaintiff was also reminded that any request for an adjournment must be made in writing and received by the Court at least 48 hours before the scheduled conference. Id. The Court's written Order warned plaintiff that the Court may dismiss plaintiff's action as a sanction for his failure to comply with a court order and that if he failed to timely appear in-person at the February 20, 2020, conference, his case may be dismissed. ECF No. 28 (citing Fed. R. Civ. P. 16(f)(1)(A); Fed. R. Civ. P. 37(b)(2)(A)(v)).[4] The Clerk of Court mailed the Order, ECF No. 28, to both of the addresses plaintiff had provided, ECF No. 13. As plaintiff had previously consented to the Office's requests for an extension of time and for a stay, ECF Nos. 23, 25, the Court extended the stay of the deadline for defendants to respond to the complaint until February 20, 2020.

On February 14, 2020, the Office filed a letter advising that the DOC internal investigation was completed and requesting that the Court *sua sponte* extend the time for defendants to respond to plaintiff's complaint until March 20, 2020. ECF No. 29. On February 14, 2020, the Office attempted to contact plaintiff—at both telephone numbers listed for him on the docket—regarding its letter and the February 20, 2020, conference, but "one number [was] no longer in service and the other number appear[ed] to be disconnected." Id.

---

[4] Because plaintiff had disclosed that he had a history of mental illness, see ECF No. 6, the Court did not use stronger language, i.e., that I would recommend that his case should be dismissed, as I did not want to discourage plaintiff from pursuing his case. I did warn him twice in the Order that his failure to appear may result in dismissal and cited Valentine v. Museum of Modern Art. See ECF No. 28 (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.")) (citation omitted).

3

On February 20, 2020, the Court held another conference in this action.[5] Attorney Giancarlo Martinez again timely appeared in Court on behalf of interested party City of New York; however, plaintiff again failed to appear. Although Mr. Martinez reported that he had previously been able to reach plaintiff by phone in November 2019, Mr. Martinez reported that he has not been able to contact plaintiff since that time. Plaintiff did not contact the Court or defendant's counsel to request an adjournment of the conference. The Court's December 11, 2019, Order, scheduling the February 20, 2020, conference, has not been returned undeliverable from either of plaintiff's addresses.[6]

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part[.]"). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

---

[5] The Court held the rescheduled conference on February 20, 2020, at 11:05 a.m., thirty-five minutes later than scheduled, hoping plaintiff would arrive.

[6] A copy of my August 7, 2019, Order, ECF No. 14, sent to plaintiff at Otis Bantum Correctional Center in East Elmhurst, was returned as undeliverable. ECF No. 19. However, the Clerk then re-sent my Order, ECF No. 14, to plaintiff at both Bronx addresses he provided, ECF No. 13. All subsequent Orders were sent to plaintiff's addresses in the Bronx.

Plaintiff has failed to appear at two Court-ordered conferences. After plaintiff failed to appear for the December 10, 2019, conference, the Court made sure that the Orders were sent to plaintiff at both addresses provided to the Court, and the Court clearly warned plaintiff that if he failed to timely appear for the February 20, 2020, conference, that this case could be dismissed. ECF No. 28. Despite this warning and being given the opportunity to appear and show good cause for his failure to appear, plaintiff failed to appear for a second Court-ordered conference. Moreover, plaintiff has failed to contact the Court. The Court need not afford plaintiff unlimited opportunities to appear in this action. Mr. Martinez has timely appeared for two conferences and has waited for plaintiff to appear, but plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see also Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report to plaintiff at both the addresses he provided. See ECF No. 13. Plaintiff may object to this Report by explaining why he failed to

5

appear at either of the Court conferences. If within fourteen (14) days plaintiff provides a good reason why he did not appear, I will withdraw my Report and Recommendation.

Defendants' deadline to respond to plaintiff's complaint is adjourned *sine die*.[7]

SO ORDERED.

Dated: February 28, 2020
      Brooklyn, New York

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

---

[7] The Clerk of Court is directed to terminate the Office's motion for an extension of time, ECF No. 29, as moot.

6